IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REBA J. PERRY                                                                                    PLAINTIFF

v.                                            CIVIL NO. 21-5228

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Reba Perry, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on February 28, 2019, alleging an inability to work since November 12, 2018, due to post-traumatic stress disorder (PTSD), anxiety, depression, Hepatitis C, pre-diabetes, pain in the right foot, weakness in the right leg, and blisters on the right foot. (Tr. 80, 167). An administrative telephonic hearing was held on July 29, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 44-76).

By written decision dated December 1, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: lumbar spine

1

degenerative disc disease, obesity, PTSD, anxiety and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) except simple routine repetitive tasks with supervision that is simple direct and concrete; and social interaction that is incidental to the work performed.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as an order puller/filler and a sanitation worker. (Tr. 22). The ALJ further found Plaintiff able to perform other work as a kitchen helper, a cook helper, and a hand packager. (Tr. 23)

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff, denied that request on October 20, 2021. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154

(2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is

reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform the exertional level of medium work with non-exertional limitations. After reviewing the record as a whole, the Court is troubled by the ALJ's determination that Plaintiff could lift and/or carry twenty-five pounds frequently and fifty pounds occasionally. In determining how much Plaintiff was able to lift and/or carry during an eight-hour workday, the ALJ stated she found non-

examining medical consultant, Dr. Ben Johnson's October 23, 2019, opinion that Plaintiff could perform the exertional demands of medium (to include lifting and/or carrying up to twenty-five pounds frequently and fifty pounds occasionally) work persuasive. (Tr. 20, 102-104). The ALJ found Dr. Johnson's opinion was consistent with a physical examination that showed Plaintiff had a normal gait and intact sensory findings despite her obesity. The ALJ found Dr. Johnson's opinion was supported by the medical evidence that showed Plaintiff had degenerative disc disease but a normal range of motion in her extremities. The ALJ discussed the June 5, 2019, assessment from non-examining medical consultant, Dr. Dan Gardner, who opined Plaintiff could perform light (to include lifting and/or carrying up to ten pounds frequently and twenty-five pounds occasionally) work but found this opinion unpersuasive because it was inconsistent with a physical examination that showed Plaintiff had a normal gait and the ability to heel and toe walk, and was unsupported because Plaintiff had a normal range of motion in her extremities. (Tr. 20, 86-88). The Court acknowledges the fact that Dr. Johnson had the benefit of also reviewing the findings from Plaintiff's September 24, 2019, consultative general physical examination when determining Plaintiff's capabilities.[1] However, the medical evidence of record includes a medical source

---

[1] On September 24, 2019, Plaintiff underwent a consultative general physical examination performed by Mindy Kazery, APRN. (Tr. 367-374). Upon examination, APRN Kazery noted Plaintiff had multiple missing teeth as well as erosion of teeth. Plaintiff also had a quarter-sized erythematous annular lesion to the right inner heel. APRN Kazery noted Plaintiff exhibited a normal range of motion in her spine and extremities, no muscle spasm, no muscle weakness and no muscle atrophy. Plaintiff was alert and oriented to time, person and place, and no evidence of hallucinations, delusions or serious mood disorder was observed. A limb function test revealed Plaintiff was able to hold a pen and write; to touch fingertips to palm; to oppose thumb to fingers; to pick up a coin; to stand/walk without assistive devices; to walk on heel and toes; to squat and arise from a squatting position; and to grip normally. APRN Kazery assessed Plaintiff with a history of PTSD, a history of anxiety, a history of depression, a history of Hepatitis C, a history of pre-diabetes mellitus, chronic right foot pain with intermittent lesions, a history of right leg weakness/paresthesias, and obesity. APRN Kazery observed no obvious physical limitations but noted Plaintiff's report that she experienced dyspnea after walking five minutes.

statement completed by Dr. James Norys, Plaintiff's internal medical physician, who opined Plaintiff could lift and/or carry ten pounds frequently and twenty-five pounds occasionally on January 23, 2020. (Tr. 377-379). Dr. Norys opined these limitations were due to Plaintiff's diffuse musculoskeletal pain. The ALJ discussed Dr. Norys' opinion but found it unpersuasive because it was inconsistent with a physical examination that showed Plaintiff had a normal gait. The ALJ failed to discuss or provide the evidence supporting why the lifting and/or carrying findings from Dr. Johnson was more consistent than the lifting and/or carrying findings of both Drs. Gardner and Norys. After reviewing the record as a whole, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's ability to lift and/or carry during an eight-hour workday. While on remand, the ALJ should also discuss Plaintiff's August 27, 2020, diagnosis of schizophrenia and how it impacts Plaintiff's ability to perform substantial gainful activity. (Tr. 473-477).

On remand, the ALJ is directed to address interrogatories to both medical and mental health physicians requesting that said physicians review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

### IV. Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and**

**recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  DATED this 10th day of January 2023.

          /s/ *Christy Comstock*
          HON. CHRISTY COMSTOCK
          UNITED STATES MAGISTRATE JUDGE